UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN SUTTON, ROBERT HENDERSON
and JAMIE MARZOL,

    Plaintiffs,

v.                                     Case No:   6:14-cv-571-Orl-40TBS

CLAYTON HOSPITALITY GROUP, INC.
and CAROL URANICK,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Set Aside Clerk's Default.  (Doc. 23).   Plaintiffs have not responded to the motion within the time allowed despite the Court having granted them a ten-day extension.  (Doc. 29).   Accordingly, the Court treats the motion as unopposed.

This is a Fair Labor Standards Act case in which both Defendants were served on April 29, 2014.  (Docs. 1, 8-9).   Defendants failed to respond to the complaint and on June 12, the Clerk entered their default.  (Docs. 11-12).   On July 31, Plaintiff moved for a default judgment.   (Doc. 18).

On August 9, 2014, Defendants appeared through counsel and moved to set the defaults aside.   (Doc. 21).   The Court denied the motion without prejudice for failure to comply with Local Rules 3.01(a) and (g).   On August 14, Defendants renewed their motion to set aside the defaults.   (Doc. 23).   They allege that they did not timely receive the summons and complaint from the registered agent for Defendant Clayton Hospitality Group, Inc.   (Doc. 23, ¶ 2a).   They add that, when they did receive the summons and

complaint, they "attempted to negotiate a resolution to the lawsuit ... rather than immediately file an Answer and Affirmative Defenses." (Id., ¶ 2b).  Defendants allege that once they received the motion for default judgment they "in a timely and expeditious manner sought legal counsel who could assist them in setting aside the default and answering the Complaint." (Id., ¶ 2d).  Defendants assert that they have a meritorious defense that Plaintiffs were independent contractors rather than employees. (Id., ¶ 4).

Rule 55(c) of the Federal Rules of Civil Procedure provides that entry of default may be set aside for "good cause."  The Eleventh Circuit recognizes "a strong policy of determining cases on their merits" and views default judgments "with disfavor."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  District courts must apply the good cause standard liberally.  Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  Factors relevant to a determination of good cause include "whether the default was culpable or willful, whether setting it aside would prejudice an adversary, and whether the defaulting party presents a meritorious defense."  Id.  Courts also consider "whether the public interest is implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default."  Id.

While Defendants did not act promptly until the motion for default judgment was filed they have raised a colorable defense and Plaintiffs have not responded to the motion let alone claim prejudice if it is granted.  Accordingly, the Court **GRANTS** the motion and directs the Clerk to set aside the defaults.  Defendants have through September 19, 2014 to respond to the complaint.

**DONE** and **ORDERED** in Orlando, Florida on September 15, 2014.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to Counsel of Record