UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN SUTTON, ROBERT
HENDERSON, JAMIE MARZOL,
MARCUS LANEY, BRIAN ESPE and
MICHAEL SEALOCK,

    Plaintiffs,

v.                                         Case No: 6:14-cv-571-Orl-40TBS

CLAYTON HOSPITALITY GROUP, INC.
and CAROL URANICK,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 48) and Defendants' Motion to Sever (Doc. 50). Upon due consideration, the Court will **GRANT** Plaintiffs' Motion for Leave to Amend and **DENY** Defendants' Motion to Sever.

The Plaintiffs in this Fair Labor Standards Act case all worked at three "adult entertainment establishments" in the Orlando area operated by Defendant Carol Uranick. (Doc. 48-1, ¶¶ 11-25, 36-38). Plaintiffs allege that Defendants misclassified them as independent contractors and failed to pay them the statutory minimum wage for the hours they worked. (Id., ¶¶ 41, 69). Six were classified as "disc jockeys" and were compensated only through voluntary sharing of tips received by the clubs' adult dancers (Id., ¶¶ 13, 15, 17, 19, 23, 25, 44, 46-47); the seventh, a "door man" and "assistant manager," was paid directly but his compensation fell the below minimum wage (Id., ¶¶ 21, 45).

Plaintiffs John Sutton, Robert Henderson, and Jamie Marzol filed the original complaint against Defendants Clayton Hospitality Group, Inc. and Carol Uranick on April 10, 2014. (Doc. 1). On November 7, Plaintiffs filed an amended complaint, which added Brian Espe and Michael Sealock as Plaintiffs. On January 12, Plaintiffs moved for leave to amend the complaint again. (Doc. 48). The proposed second amended complaint adds one Plaintiff (Joel Jurek) and two Defendants (Doll House, Inc. and Wilan Corporation). (Doc. 48, ¶¶ 3, 6; Doc. 48-1). Plaintiffs state that Jurek wishes to join the case as a Plaintiff and that he has "substantially similar claims" to the current Plaintiffs. (Doc. 48, ¶ 4). Plaintiffs explain that the corporate structure of the clubs businesses (each club is run as a separate corporation) requires them to add Doll House, Inc. and Wilan Corporation as Defendants. (Doc. 48, ¶ 6).

After the time for amendment of right under FED. R. CIV. P. 15(a)(1) has expired, a party may amend of pleadings only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15 directs courts to "freely grant leave when justice so requires," and "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). See also Foman v. Davis, 371 U.S. 178, 182 (1962) (explaining that leave to amend should only be denied in cases of undue delay, bad faith or dilatory motive, the repeated failure of previous amendments to cure deficiencies, the futility of amendment, or undue prejudice to the opposing party).

Rule 20 governs permissive joinder in the federal courts. It permits joinder of plaintiffs or defendants when two conditions are met. First, parties joined under Rule 20 must assert (or have asserted against them) "any right to relief jointly, severally, or in the

- 2 -

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(1)(A), (a)(2)(A).  Second, the action must raise a "question of law or fact common to" each of the plaintiffs or defendants sought to be joined.  FED. R. CIV. P. 20(a)(1)(B), (a)(2)(B).  The rule should be construed liberally "to foster judicial economy and avoid multiplicity of litigation."  Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101, 106 (S.D.N.Y. 1976); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) ("[T]he impulse [under the Rules] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged.").  The fact that not all plaintiffs may assert claims against all defendants does not preclude joinder under Rule 20.  FED. R. CIV. P. 20(a)(3).

Joinder is proper in this case under Rule 20, and Defendants do not seriously argue otherwise.[1]  Each Plaintiff seeks relief for unpaid minimum wages under the FLSA jointly and severally against Uranick and the specific nightclub or nightclubs that employed him.  All of the claims arise from the same series of transactions or occurrences–namely, Defendants' alleged misclassification of their workers and failure to pay the workers at least minimum wage.  The claims present several common questions of law and fact, for example, whether there is coverage under the FLSA.  Accordingly, I find that joinder of the new parties named in the proposed second amended complaint is proper under Rule 20.

---

[1] In their Motion to Sever, Defendants argue that each claim presents "varying sets of factual circumstances" and will require different evidence to prove at trial.  But the test under Rule 20 focuses on the similarities between claims, not the differences.  The mere existence of "varying ... factual circumstances" is no reason to deny joinder when the requirements of Rule 20 are met.

Although they do not argue that joinder is improper, Defendants insist that leave to amend should be denied under Rule 15. They complain that Plaintiffs have already filed one amended complaint and that Plaintiffs should stop "moving the target." (Doc. 51, p. 3). They also accuse Plaintiffs of being "dilatory" by seeking leave to amend after "Defendants ... expend[ed] a substantial amount of time researching, preparing and coordinating two Answers to Complaint and discovery geared to the parties originally in the case and to the added parties from the First Amended Complaint." (Id., pp. 3-4).

In fact, Defendants have filed one answer in this case, not two. (See Doc. 45). And, Defendants' discovery burden so far has consisted of turning over time sheets and payroll records. (Doc. 47, pp. 1-2). Since the information produced will remain relevant to the case even if the Court allows the amendment, none of that effort will go to waste. Finally, there is no evidence that Plaintiffs have known for a long time about Defendants' corporate structure or Jurek's desire to join this lawsuit and therefore, the Court finds no basis for Defendants' suggestion that Plaintiffs have been dilatory. Because Defendants have offered no reason why the proposed amendment should not be allowed, the Court **GRANTS** Plaintiffs' motion. Plaintiff shall file the Second Amended Complaint as a separate docket entry within 7 days of the date of this Order.

Defendants have moved to sever the claims of each Plaintiff. They assert that the Plaintiffs' claims are based on different facts and will require different evidence to prove, and that "[i]t will be cumbersome and confusing to try all these claims together in one trial." The Court disagrees, as this is not a particularly complex case. Severing Plaintiffs' claims would simply multiply the time and money required to try this case while serving no useful purpose. Therefore, Defendants' motion to sever is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 6:14-cv-00571-PGB-TBS   Document 59   Filed 02/04/15   Page 5 of 5 PageID 250