UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN SUTTON, ROBERT
HENDERSON, JAMIE MARZOL,
MARCUS LANEY, BRIAN ESPE,
MICHAEL SEALOCK and JOEL JUREK,

    Plaintiffs,

v.                                       Case No:  6:14-cv-571-Orl-40TBS

CLAYTON HOSPITALITY GROUP, INC.,
CAROL URANICK, DOLL HOUSE, INC.
and WILAN CORPORATION,

    Defendants.

## ORDER

This case is before the Court on the parties' Joint Motion to Seal Settlement Agreement (Doc. 104). For the reasons that follow, the motion is **DENIED**.

Plaintiffs bring this action for damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (the "FLSA"). They allege that Defendants misclassified them as independent contractors and failed to pay them the statutory minimum wage for the hours they worked. (Doc. 65). Defendants deny liability and have counterclaimed for "tip out" money received by Plaintiffs (Doc. 99).

On May 5, 2015, Plaintiffs gave notice that John Sutton, Robert Henderson, Jamie Marzol, Marcus Laney, and Joel Jurek's claims against Defendants had been settled at mediation (Doc. 100). However, the parties did not file a motion for approval of their settlement agreement, or a copy of the agreement. So, the Court entered an order *sua sponte*, giving the parties 14 days to submit their settlement agreement for approval (Doc. 101). The parties have now filed their settlement agreement (Doc. 102). If the Court

accepts and adopts the settlement agreement then the parties ask that it be sealed (Doc. 104).

The motion to seal violates Local Rule 3.01(a) because it does not contain a memorandum of legal authority in support of the parties' request.

The settlement agreement contains a confidentiality clause. Nondisclosure provisions in FLSA settlement agreements "further[ ] resolution of no bona fide dispute between the parties" while "thwart[ing] Congress's intent to ensure widespread compliance with" the FLSA. Dees v. Hydradry, 706 F.Supp.2d 1227, 1242 (M.D.Fla. 2010). Therefore, a number of courts routinely reject FLSA settlement agreements containing confidentiality provisions. Housen v. Econosweep & Maintenance Serv., Inc., 2013 WL 245985 at *2 (M.D.Fla. June 6, 2013); DeGraff v. SMA Behavioral Health Serv., Inc., 2013 WL 2177984 at *4 (M.D.Fla. Mar. 5, 2013); Crabtree v. Volkert, Inc., 2013 WL 593500 at *4 (S.D.Ala. Feb. 14, 2013); Parker v. Encore Rehabilitation, Inc., 2012 WL 6680311 at *4-5 (S.D.Ala. Dec. 21, 2012); Webb v. CVS Caremark Corp., 2011 WL 6743284 at *1-2 (M.D.Ga. Dec. 23, 2011); Hamilton v. Brinker Int'l Payroll Co., 2011 WL 6032945 at *1 (M.D.Fla. Dec. 5, 2011); Walker v. U.S. Title Loans, Inc., 2011 WL 1789976 at *2 (M.D.Ala. May 10, 2011). Accordingly, sealing of the parties' settlement agreement is not appropriate.

Even if this was not an FLSA case, the public enjoys a qualified common-law right of access to judicial proceedings. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). The right applies to all material submitted "in connection with a substantive motion," and requires the Court to balance the interest of the parties in keeping the information confidential with the interest of the public in making it available. Id. at 1312-13. "The common law right of access

may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original))). The parties have failed to show good cause to seal their settlement agreement.

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original))). The parties have failed to show good cause to seal their settlement agreement.

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.   If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."   Id. at 1354.   The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.   My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel."   Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).   There is a "'strong presumption' in favor of finding a settlement fair."   Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

So that this case does not linger, it is incumbent upon the parties to educate themselves about the law applicable to FLSA claims and the approval of FLSA settlement agreements.   Then, they need to file a motion for approval in which they provide the Court all the information it needs to discharge its responsibility.   The parties shall file this motion within the next 21 days.

**DONE AND ORDERED** in Orlando, Florida, on May 11, 2015.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to:
    All Counsel
    Any Unrepresented Parties

Case 6:14-cv-00571-PGB-TBS   Document 105   Filed 05/11/15   Page 5 of 5 PageID 398